# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE:<br><br>**ATRIUM MEDICAL CORP. C-QUR MESH PRODUCTS LIABILITY LITIGATION**<br><br>This relates to:<br><br>**MARTHA LUNA** | MDL NO. 2753<br><br>MDL Docket No.<br>1:16-md-02753-LM<br><br>Case No. 1:16-cv-00372 |

## PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff Martha Luna propounds this Surreply in response to Defendants' Reply for Summary Judgment, to address the principal mischaracterizations and misstatements, as follows:[1]

- **Causation - All Claims, Failure to Warn** – Defendants mischaracterize Plaintiff's argument to assert that she "misstate[d] . . . the law" and "does not cite a single case"—in support of what was—*in actuality*—an unremarkable proposition: that on summary judgment, the Court views the *entirety* of the evidence in the record, together with all reasonably inferences in Plaintiff's favor, including for causation. Dr. Langstein's expert opinion is *not* to be viewed narrowly, and in isolation, devoid of the evidence on which his opinion relates and is based, as the only evidence bearing on whether the device in Ms. Luna caused her injuries; any suggestion to the contrary is legally incorrect. *Compare* Pl.'s Opp. Summ. J. §§ II, III(1) (expounding on proposition, citing cases and evidence Defendants fail to address), *with* Defs.' Reply Supp. Summ. J. § I (distorting Plaintiff's causation argument in Opposition). Defendants' similar causation attack for Plaintiff's failure to warn claim

---

[1] Any issue or claim Plaintiff has not expressly addressed herein should not be construed as an admission of any kind.

specifically, should likewise be rejected. For example, contrary to Defendants' suggestion, the adequacy of the warnings *is* inextricably linked with and in fact informs the causation inquiry at issue. Plaintiff's detailed evidence in Opposition includes, *e.g.*: (1) Dr. Husted's testimony that, although he could not recall specifics for Ms. Luna, his general practice includes referring to the package before implant, considering knowledge and experience from sales representatives, taking into account any new information learned about the risks of infection, and that, had he known of an increased risk of infection, or had Ms. Luna asked him to, he would not have implanted the C-Qur in Plaintiff; and (2) Ms. Luna's testimony that she "expected" Dr. Husted had everything he needed to evaluate the risk of C-Qur complications, and that had she known of the increased risk of infection, or had she been provided certain information about the polypropylene mesh, she would not have ultimately consented to her C-Qur implantation surgery. This suffices to survive summary judgment on this highly factual causation issue, especially where, as here, all reasonable inferences must be drawn in her favor. *Compare* Pl.'s Opp. Summ. J. § III(2) (citing and expounding evidence), *with* Defs.' Reply Supp. Summ. J. § II (glossing over and ignoring same, including link between doctor and patient and what is required before Atrium's duty to warn can be discharged specifically salient to causation).

- **NHCPA Standing** – Defendants' Reply—*again*—appears to challenge well-established propositions and law in NH, most notably for this claim, that: (1) the NHCPA is construed broadly in favor of the consumer, which includes RSA 358-A:2; and (2) the scope of the NHCPA geographic inquiry, RSA 358-A:2, is necessarily framed by the alleged conduct as applied within *the context of Plaintiff's claims*. Conversely, (1) Defendants adduce nothing to indicate that the New Hampshire Supreme Court intended to exclude that one particular part of the provision from its general instruction to broadly construe the statutory scheme

in favor of the consumer; (2) Defendants continue to rely on inapposite caselaw involving an action of simple misrepresentation(s), failing to meaningfully respond to Plaintiff's Opposition argument; and perhaps most baffling of all (3) Defendants argue that using the context of Plaintiff's alleged conduct to frame the focus of the geographic inquiry is an "untenable" position. *Compare* Pl.'s Opp. Summ. J. § III(4), *with* Defs.' Reply Supp. Summ. J. § IV.

- **CLRA Reliance** – Contrary to Defendants' Reply regarding the CLRA "reliance" requirement, Plaintiff is not asking for "leeway because her CLRA claims involve omissions"—she is asking for a proper application of the law. As Plaintiff expounded in Opposition, this can, and has been shown through, *e.g.*, the sworn testimony of Dr. Husted and Ms. Luna. *Compare* Pl.'s Opp. Summ. J. § III(4) (citing and expounding evidence), *with* Defs.' Reply Supp. Summ. J. § IV.

- **Frivolously Double Downing on Foreign Law** - Defendants dig yet a deeper hole—aggravating what is already frivolous litigation tactics in express contravention of this Court's binding order over strict liability and implied warranty choice of law—with respect to *both* Bellwether Plaintiffs (and counting)—suggesting Defendants' willingness to continue to ignore the Court's binder orders and waste the Court and parties' time and resources in the process throughout this MDL. Defendants have not moved for reconsideration and shown that this Court committed anything close to legal "error" in expressly finding that NH law governs these claims. Defendants' litigation tactics should be readily rejected and reparations should be considered if this gamesmanship continues as this MDL progresses further. *Compare* Pl.'s Opp. Summ. J. § III(5), *with* Defs.' Reply Supp. Summ. J. § V.

## **CONCLUSION**

For these additional reasons, Plaintiff Martha Luna respectfully requests that this Court deny Defendants' motion for summary judgment, and to award such other relief as the Court deems just and proper.

Dated: December 7, 2020

                                                Respectfully submitted,

                                                */s/ Jonathan D. Orent, Esq.*
                                                Jonathan D. Orent
                                                MOTLEY RICE LLC
                                                55 Cedar Street, Suite 100
                                                Providence, RI 02903
                                                401-457-7700
                                                401-457-7708 Fax
                                                *jorent@motleyrice.com*

                                                *Plaintiff's Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has this date been filed electronically with the Clerk of Court using the CM/ECF system. Notice of these filings will be sent to all counsel of record and parties by operation of the Court's electronic filing system.

*/s/ Jonathan D. Orent*
Jonathan D. Orent